# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-30642
Summary Calendar

D DOUGLAS HOWARD, JR.,

Plaintiff - Appellee

v.

LESLEY SIMMONS ST. GERMAIN, ET AL

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-cv-03450

Before BENAVIDES, PRADO, SOUTHWICK, Circuit Judges.

PER CURIAM:

Defendants-Appellants Mark Edw. Andrews, Lesley Simmons St. Germain, and David E. Simmons ("Appellants") appeal the imposition of fee-shifting by the district court. Plaintiff-Appellee D. Douglas Howard ("Appellee") sued the Appellants in state court for defamation, and the Appellants removed the case to federal court. After hearing arguments on the issue, the district court remanded the case to state court and assessed attorney's fees against Appellants under 28 U.S.C. § 1447(c). Appellants do not seek review of the district court's decision to remand. *See* 28 U.S.C. § 1447(d). Thus, we only

consider the district court's decision to impose liability on all Appellants for Appellee's legal fees.

We review a district court's award for attorney's fees under the deferential abuse of discretion standard. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Subsidiary factual findings underlying this award are reviewed for clear error. *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The decision to impose any fee award against one or all the Defendants, jointly and severally, is within the court's discretion. *See, e.g.*, *Park Nat. Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 584 (S.D. Tex. 1996). Section 1447(c) permits a district court to award "just costs and any actual expenses, including attorney's fees" that are incurred as a result of the removal. 28 U.S.C. § 1447(c); *see also Miranti v. Lee*, 3 F.3d 925, 927-28 (5th Cir. 1993) (stating that both costs and attorney's fees against the removing party may be imposed if the court finds that removal is improper under § 1447(c)). The Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) noted that courts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal. Similarly in *Hornbuckle*, we stated that attorney's fees should be denied if an objectively reasonable basis exists. *See Hornbuckle*, 385 F.3d at 541.

The district court did not err in assessing attorney's fees against the Appellants. Appellants argue that their removal is supported by reasonable grounds because he is an officer of the court and because his case raises a constitutional question. While Section 1442 permits a pending state action to be removed for "any officer of the courts," the district court correctly found that Andrews was not an officer of the court in this context. The Supreme Court in *Cammer v. United States*, 350 U.S. 399, 405-08 (1956), determined that an attorney is not an officer of the court within the ordinary meaning of that term. *See also Ex parte Garland*, 71 U.S. 333, 378 (1866). In *Cammer*, the Court

reversed the lower court's order because a contempt finding under 18 U.S.C. § 401 could only be assessed against "officers" of the federal courts. *See Cammer*, 350 U.S. at 408; *see also Willingham v. Morgan*, 395 U.S. 402, 406-08 (1969) (interpreting the purpose of 28 U.S.C. § 1442 as applying to only those cases where a federal officer required a federal forum and not intended for a private attorney to use to remove a state action to federal court on the basis that he was an "officer of the court").

Moreover, in the instant case, a constitutional question was not raised by the petition's state claims nor did the prior RICO legislation raise a federal question. Thus, the district court did not abuse its considerable discretion in taxing costs and attorney's fees to Appellants because an objectively reasonable basis for removal did not exist.

Appellee has moved under Rule 38 for sanctions and double costs and attorney's fees against Appellants. Federal courts have inherent power to impose sanctions for abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Rule 38 of the Federal Rules of Appellate Procedure authorizes an award of "just damages and single or double costs to the appellee" if we determine that an appeal is frivolous. *See Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1992). An appeal is frivolous if "the result is obvious or the arguments of error are wholly without merit." *See id.* (quoting *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988)). We recently considered a similar request by Appellee in litigation involving these parties in *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) ("*Howard I*"). In *Howard I*, we dismissed the Appellant's appeal concerning their RICO suit brought against Appellee and two law firms with which he is affiliated without imposing sanctions. *See id.* at 264. However, we noted that it was a "close case" on our decision to deny sanctions because the Appellants did not clearly present a cognizable civil RICO claim. *Id.* Here, we impose sanctions of double costs and

No. 09-30642

attorney's fees against Appellant.  Supreme Court cases exclude a private attorney from the meaning of "officer of the court," and the district court found Appellant's "officer of the court" argument to be a ridiculous, "farfetched notion." Appellants were on notice that the overruling of objections to remand was an obvious result when they were unable to support their argument at the district court.  This appeal is frivolous for purposes of Rule 38.

For the foregoing reasons, we AFFIRM the judgment of the district court and GRANT the motion for sanctions and double costs and attorney's fees.