# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2011

No. 10-11255
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: SURETY CAPITAL CORPORATION,

Debtor

----------------------------------

RICHARD N. ABRAMS,

Appellant

v.

BANK OF TEXAS, N.A.,

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-482

Before SMITH, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

After dismissing a noteholder's complaint for breach of a Chapter 11 plan, the bankruptcy court awarded attorney's fees. The noteholder appealed the fees award to the district court, which affirmed. We also AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11255

In 1998, Surety Capital Corporation issued debt in the form of notes pursuant to an indenture agreement. Richard N. Abrams held some of the notes. In 2007, Surety filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas. During the bankruptcy proceedings, the Bank of Texas became the Indenture Trustee.

The bankruptcy court entered two orders for Surety to pay the Bank of Texas funds that the bank would disburse to the noteholders. The first was for the disbursement of principal on the notes; the second was for the interest. Because there were insufficient funds for the interest to be paid in full, the bankruptcy court ordered that the interest payments be reduced by $350,000. For the disbursement of principal, the Bank of Texas filed a proof of claim for its fees and costs as trustee. Abrams did not object. For the disbursement of interest, the Bank of Texas disbursed the funds in accordance with the Indenture Agreement, which provided the trustee be paid for its fees and costs, and Abrams did not object.[1] After all of the funds were disbursed, the bankruptcy court closed the case.

In 2009, Abrams brought suit in Texas state court for a declaratory judgment that the Bank of Texas failed to follow the terms of the Chapter 11 Plan. His claims were based on breach of contract, negligent misconduct, and breach of fiduciary duty. The Bank of Texas removed the case to the bankruptcy court that had resolved Surety's Chapter 11 petition, after an emergency motion to reopen the bankruptcy case had been granted. The bankruptcy court dismissed Abrams' suit on the basis of res judicata. It also awarded attorney's fees to the Bank of Texas, holding that the indenture agreement and Trust

---

[1] Abrams devotes a considerable portion of his brief to arguing the Chapter 11 Plan required the Bank of Texas to share in the $350,000 reduction on the second disbursement of funds. Even if that is so, the time to raise that objection was during the pendency of the bankruptcy case, not in a collateral attack such as this suit. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051-52 (5th Cir. 1987). We do not consider it.

No. 10-11255

Indenture Act permitted the discretionary award of fees and no statutory exception applied.  From that award, Abrams has taken this appeal.

Abrams argues that his suit in Texas state court was to recover unpaid interest on the debt, a kind of suit that under the Trust Indenture Act would bar an award of fees.  Second, he argues that the district court should have denied fees because his suit was taken in good faith.

Legal questions involving the interpretation are answered *de novo* on appeal.  *Woodfield v. Bowman*, 193 F.3d 354, 358 (5th Cir. 1999).  A district court's award of attorney's fees is reviewed deferentially for an abuse of discretion.  *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

Attorney's fees generally are not awarded to the prevailing party in federal court litigation absent a relevant contract or statute to support the award.  *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1004 (5th Cir. 1995).  The parties do not dispute that the Trust Indenture Act as well as the Indenture Agreement, which incorporates the terms of the Act, provide for an award of attorney's fees.  What is disputed is the meaning of Section 315(e) of the Trust Indenture Act that provides two specific instances where a court may not award attorney's fees and also compels a court to consider the merit and good faith of a suit prior to awarding attorney's fees.

The Act prohibits an award of attorney's fees in "any suit instituted by any indenture security holder . . . holding in the aggregate more than 10 per centum in principal amount of the indenture securities outstanding, or . . . by any indenture security holder for the enforcement of the payment of the principal of or interest on any indenture security." Trust Indenture Act § 315(e), 15 U.S.C. § 77ooo(e).  In assessing attorney's fees the court is to give "due regard to the merits and good faith of the claims or defenses made by such party litigant." *Id.*

The bankruptcy and district courts held that by the time the state court action was commenced, post-bankruptcy, Abrams was no longer "holding in the

aggregate" more than ten percent of the outstanding securities; he had not been such a holder for at least a year. On appeal, Abrams states he does not allege he was such a holder. We accept that concession.

The only potentially applicable exception is if his suit were instituted for the enforcement of the payment of principal or interest. In his complaint in state court, Abrams did not seek the enforcement of payment of principal or interest. He did not set out in the complaint that he had been paid a certain amount in principal and interest and was owed some amount more than that. Abrams argues that the practical effect of any award would be to return a portion of interest; therefore, his state court complaint falls under the exception prohibiting attorney's fees in section 315(e). We disagree.

The language of this statute is unambiguous. Consequently, we do not "undertake to add to or detract from its provisions." *Birdwell v. Skeen*, 983 F.2d 1332, 1339 (5th Cir. 1993). Attorney's fees are prohibited when the suit seeks to recover principal or interest. Abrams' state court complaint was not one to recover principal or interest. This exception does not apply.

Abrams also argues his suit was in good faith because the Chapter 11 Plan provided that the Bank of Texas was to share in the $350,000 reduction along with the noteholders awaiting interest payments. The statute requires the district court give due regard to the merits and good faith basis for a suit, but the statute does not require a finding of a meritless, bad faith suit in order to award attorney's fees. The bankruptcy court and the district court both considered Abrams' level of involvement in the bankruptcy case and concluded that his challenge should have been raised prior to the bankruptcy discharge. Neither court concluded that this suit was taken in either bad faith or good faith. The district court's due regard of this issue is evidenced by its review of the merits of the suit and consideration whether it was brought in good faith.

AFFIRMED.