# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2012

No. 12-10036
Summary Calendar

Lyle W. Cayce
Clerk

WILDER CORPORATION OF DELAWARE,
INCORPORATED; MAURICE WILDER,

Plaintiffs-Appellees

v.

RURAL COMMUNITY INSURANCE SERVICES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-123

Before JONES, BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Rural Community Insurance Services ("RCIS") challenges the district court's dismissal of its counterclaim against Appellee Wilder Corporation ("Wilder") for insurance policy premiums, administrative fees, and various charges under several RCIS-issued policies. Concluding the district court properly found RCIS's counterclaim precluded by *res judicata*, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilder purchased from RCIS's agent, NAU County Insurance Company ("NAU"), several crop insurance policies. After NAU denied a claim Wilder filed under those policies, Wilder sued RCIS, and other parties, in Texas state court, seeking declaratory relief, rescission of the three RCIS policies, and damages.

RCIS responded by seeking an abatement of the Wilder claims pending arbitration. NAU further counterclaimed against Wilder for unpaid premiums under the insurance policies. In September 2008, the state court stayed the case and compelled arbitration. Wilder, NAU, and RCIS jointly moved to modify the state court's order to retain jurisdiction in the state court, mandating pleadings be filed in state court as well as with the arbiter, and providing for commercial arbitration rules.

In May 2010, RCIS amended its answer to include "all affirmative defenses . . . under the Texas Rules of Civil Procedure," and a general denial "[i]n accordance with the Texas Rules of Civil Procedure." RCIS did not include a counterclaim. The arbitrator issued his report that September, granting Wilder rescission of one policy between it and NAU and awarding NAU its counterclaimed premiums and charges. RCIS received no affirmative award, nor were the policies between RCIS and Wilder rescinded. The state court confirmed the arbitration award in March 2011, expressly denying all relief not granted in that judgment.

In June 2011, Wilder sued RCIS again in Texas state court for a declaratory judgment that *res judicata* barred RCIS from pursuing claims based on unpaid fees, premiums, and financial charges. RCIS removed to the federal district court and counterclaimed for essentially the same charges. Wilder moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that either *res judicata* from the prior state court proceedings or the statute of limitations barred RCIS's counterclaim. RCIS also moved to dismiss Wilder's declaratory action under Rule 12(b)(6), requesting the district court voluntarily dismiss its counterclaim if it granted RCIS's motion. The district court denied

RCIS's motions and granted Wilder's motion to dismiss with prejudice, on both of Wilder's proffered grounds.

RCIS appeals, asserting that the district court erred in holding its claim precluded, abused its discretion by refusing to allow RCIS to voluntarily dismiss its counterclaim, and improperly granted Wilder declaratory relief.

We review the *res judicata* effect of a prior judgment *de novo* as a question of law. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2012).

Under *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980). When asked to give preclusive effect to state court judgments, federal courts turn to the preclusion principles of the state whose decision is invoked as a bar to further litigation. *Prod. Supply Co. v. Fry Steel Inc.*, 74 F.3d 76, 78 (5th Cir. 1996). Under Texas law, *res judicata* requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties in the second action or their privies; and (3) claims in the second action that were or could have been raised in the first. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

Here, all three elements have been met. The Texas state court had competent jurisdiction and rendered a final judgment on the merits when it confirmed the arbitration award. RCIS and Wilder are the same parties in both actions. Finally, RCIS's claim to recover past premiums, administrative fees, and financing charges could have been raised as a counterclaim in the previous action.

However, Texas law provides a qualification to the doctrine of *res judicata* for claims that "could have been raised." Only compulsory counterclaims that could have been raised in the previous action are barred in a subsequent suit. *Ingersoll-Rand Co v. Valero Energy Corp.*, 997 S.W.2d 203, 209 (Tex. 1999). Under the Texas Rules of Civil Procedure, a claim is compulsory if: (1) it is

within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the claim is mature and owned by the defendant at the time of filing the answer; (4) it arose out of the same transaction or occurrence that it is the subject matter of the opposing party's claim; and (5) it does not require the presence of third parties over whom the court cannot acquire jurisdiction. TEX. R. CIV. P. 97(a).

RCIS does not challenge the district court's accurate conclusion that its counterclaim meets all the requirements for being compulsory under Texas Rule 97(a). Instead, RCIS argues that because the claims in the prior action were arbitrated, rather than adjudicated by the state court, it did not need to comply with all the Texas Rules of Civil Procedure.

RCIS is incorrect. When the Texas state court assumed jurisdiction over Wilder's civil suit against RCIS, the action immediately became subject to the Texas Rules of Civil Procedure. TEX. R. CIV. P. 2 ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature . . . ."). RCIS's duty to file a compulsory counterclaim arose at that time. Contrary to RCIS's contention, the fact that some commercial arbitration rules were used during the arbitration stage did not render Texas Rule 97(a) inapplicable to the suit. The order compelling arbitration specifically retained the court's jurisdiction over the action, required the parties to file amended pleadings with the court, and did not change the civil nature of the suit. Thus, the action and pleadings remained subject to the Texas Rules of Civil Procedure, both before and after arbitration took place.

Unlike NAU, RCIS failed to file its compulsory counterclaim in the previous suit as required by the Texas Rules of Civil Procedure. Therefore, the district court correctly held that RCIS's counterclaim is barred by claim preclusion.

Because RCIS's counterclaim is conclusively barred by *res judicata*, dismissal with prejudice was appropriate. *See Fernandez-Montes v. Allied Pilots*

*Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993).  In addition, RCIS concedes that it had the opportunity to fully brief the issues before the court granted judgment *sua sponte* on the basis of competing motions to dismiss.  The court did not plainly err in its procedural approach.  *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 771 (5th Cir. 2000).  AFFIRMED.