# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 13, 2012

No. 12-20196
Summary Calendar

Lyle W. Cayce
Clerk

VERANDA ASSOCIATES, L.P.,

Plaintiff-Appellee

v.

MICHAEL HOOPER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 4:11-CV-4206

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Michael Hooper appeals the district court's award of costs and fees, pursuant to 28 U.S.C. § 1447(c), to appellee Veranda Associates, L.P. ("Veranda") and also the district court's denial of his motion to strike some of Veranda's pleadings.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50481

## FACTS AND PROCEEDINGS

Veranda filed this suit against Hooper in Texas state court for breach of contract after Hooper allegedly abandoned a multi-year commercial lease. Hooper removed the case to federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction, claiming that as a New York domiciliary he was diverse from Veranda, a Texas domiciliary, and that the amount in controversy exceeded the jurisdictional minimum of $75,000. Veranda filed a motion to remand and for sanctions, alleging that Hooper was actually domiciled in Texas and that diversity jurisdiction was therefore improper. Hooper then moved to strike Veranda's pleadings on the grounds that they included immaterial information and that they were deficient with respect to a number of local rules governing typography, formatting, and electronic filing. The district court granted Veranda's motion to remand, denied sanctions on the ground that Veranda had not complied with the service requirement of Federal Rule of Civil Procedure 11, awarded Veranda costs and fees, and ordered Veranda to supplement the record so as to allow the amount awarded to be fixed. It also denied Hooper's motion to strike. After Veranda supplemented the record, the district court set the amount of costs and fees at $14,859.27. Hooper timely appeals.

## DISCUSSION

Hooper contends that the district court abused its discretion in awarding attorney fees and costs to Veranda because he had an objectively reasonable basis for removal. In the alternative, he argues that the district court abused its discretion in setting the amount of its award. Finally, he asserts that the district court abused its discretion in failing to grant his motion to strike.

"We review a district court's section 1447(c) order for attorney fees under an abuse of discretion standard." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). A district court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal," and

No. 11-50481

"attorney's fees should be denied if an objectively reasonable basis exists." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam).

For the purposes of diversity jurisdiction, a party's "citizenship has the same meaning as domicile. It imports permanent residence in a particular state with the intention of remaining." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

Hooper contends that he had an objectively reasonable basis for removing because he was domiciled in New York at the time of the suit. In support of his purported New York domicile, Hooper advances the facts that, despite residing in Texas with his family, he was registered to vote in New York, he owned property in New York, he maintained driver's and law licenses in New York, and he maintained an office in New York.

However, the district court considered these facts and nevertheless concluded that Hooper was domiciled in Texas at the time of the suit and that he therefore had no objectively reasonable basis for removal. In doing so, it noted the uncontroverted facts that Hooper had purchased a home in Texas for his family in 2007 and that, in a lawsuit against the sellers of that home, Hooper's wife stated that she and Hooper had intended to live and raise their children there. The district court also described Hooper's long history of maintaining residences in Texas, carrying on business dealings in Texas, and being party to lawsuits in Texas.

No. 11-50481

Considering the record before the district court, and viewing Hooper's various factual arguments in light of our longstanding rule, as stated in *Prot*, that "[n]o single factor is determinative," *id.* at 251, we see no abuse of discretion in the district court's determination that Hooper had no objectively reasonable basis for removal, and we therefore affirm the award of attorney fees and costs to Hooper.

Hooper also argues that, even if an award of fees and costs was appropriate, the district court abused its discretion in the amount of its award because Veranda claimed fees that were either unnecessary or irrelevant to its motion for remand. In particular, Hooper takes issue with claimed fees and costs for legal research and administrative tasks occurring before the notice of removal had been filed with the district court, claimed fees and costs related to a motion for sanctions that the district court denied, and claimed fees and costs related to Veranda's investigation into Hooper's life as far back as the 1990's.

None of these arguments are availing. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Veranda's fees and costs related to the removal that were incurred prior to removal being docketed still were "incurred as a result of the removal," as were Veranda's fees and costs related to the sanctions motion—had Hooper not removed the case, none of these fees and costs would have been incurred. Furthermore, in light of the fact-intensive nature of the remand issue, and particularly in light of what the district court termed Hooper's "efforts to conceal and mislead" with respect to jurisdictional facts, the background investigation conducted by Veranda's counsel was highly relevant to its remand motion. In short, we see no abuse of discretion in the amount of the district court's fees and costs award.

4

Finally, Hooper contends that the district court abused its discretion in denying his motion to strike Veranda's pleadings pursuant to Federal Rule of Civil Procedure 12(f).   In particular, Hooper argues that the district court misapplied the law in holding that the objected-to documents and allegations were related to the issue of the propriety of a remand.  He asserts that, since motions to remand are considered purely on the basis of jurisdictional facts present at the time of removal, the extensive information about his life and dealings provided by Veranda in its pleadings were unrelated and should have been stricken.   Furthermore, he alleges that the district court abused its discretion in not striking documents containing his un-redacted address and pictures of his minor children.

We review a district court's denial of a motion to strike for abuse of discretion only.  *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).  "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see Coney*, 689 F.3d at 379.  We agree with the district court that the pleadings that were the subject of Hooper's various motions to strike were in fact "directly relevant [as] to the central issue of the removal."  Although Hooper is correct that only his domicile at the time of removal is relevant to the remand issue, where he has lived, for how long, and in what capacity—all of which are spoken to by the pleadings in question—are undeniably relevant in assessing his proper domicile at the time of removal.

Furthermore, we see no reason why inclusion of Hooper's unredacted address and a picture of one of his minor children in Veranda's pleadings or the purported failure of the pleadings to accord with certain formatting standards would necessitate the drastic remedial measure of striking those pleadings.  We

No. 11-50481

therefore decline to find an abuse of discretion in the district court's denial of Hooper's motion to strike.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.