**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2013

Lyle W. Cayce
Clerk

No. 13-10023
Summary Calendar

SCOTT MEYERS, ET AL,

Plaintiffs

v.

TEXTRON, INCORPORATED, ET AL,

Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROCKY MOUNTAIN CHOPPERS L.L.C.,

Plaintiff-Appellant,

v.

TEXTRON FINANCIAL CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-353

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges

No. 13-10023

PER CURIAM:[*]

Petitioner Rocky Mountain Choppers L.L.C. ("RMC") filed this suit against Textron Financial Corp ("Textron") alleging claims of fraud associated with RMC's acquisition of the assets of American IronHorse Motorcycle Company, Inc. ("AIMC"). Textron filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the district court granted. For the reasons stated herein, we AFFIRM.

## I.

In early 2008, Scott and Susan Meyers formed AIH Aquisitions, L.L.C. ("AIH") to purchase assets from AIMC after it filed for bankruptcy. Textron was AIMC's pre-petition secured lender and post-petition debtor in possession lender. On May 21, 2008—after negotiations between the Meyerses and Textron—AIH and Textron finalized a sales transaction in which AIH acquired AIMC using financing from Textron. By early 2009, however, AIH had defaulted under its loan agreement with Textron.

Several proceedings arose from these events, involving state claims and other adversary proceedings that were consolidated by the bankruptcy court. In particular, on Dec. 7, 2010 the Meyerses filed a petition for intervention against Textron in the bankruptcy court alleging fraudulent inducement and negligent misrepresentation.[1] The bankruptcy court dismissed those claims with prejudice. On review, the district court found that the bankruptcy court did not have the constitutional authority to dismiss the Meyerses claims with prejudice, but went on to dismiss their claims with prejudice independently (hereinafter "previously dismissed case").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Meyerses voluntarily abandoned their negligence misrepresentation claim.

No. 13-10023

On June 1, 2012, RMC—an entity owned solely by the Meyerses—brought the instant suit against Textron, alleging fraud in connection with the May 21, 2008 agreement.  The district court dismissed the suit with prejudice on two independent grounds: (1) res judicata based on the judgment in the previously dismissed case; and, (2) failure to plead fraud with particularity under Fed. R. Civ. P. 9(b).  RMC timely appealed.

## II.

This court reviews de novo a dismissal under Rule 12(b)(6) and the res judicata effect of a prior judgment.  *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012); *Highland Capital Mgmt. LP v. Bank of Am, Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

RMC argues that dismissal was improper for several reasons.  First, RMC maintains that res judicata is not an appropriate basis for a Rule 12(b)(6) dismissal and that, even if it were, the district court should have denied the motion because Textron did not show privity between RMC and the Meyerses.  Second, RMC argues that, contrary to the district court's finding, the complaint alleges fraud with sufficient specificity to satisfy Fed. R. Civ. P. 9(b).  Its arguments are unavailing.

Although a district court primarily looks to the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, there are other sources it may consider.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For example, a district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.  *Id.*; § 1357 Motions to Dismiss—Practice Under

Rule 12(b)(6), 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.); s*ee also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand."). Thus, while res judicata is generally an affirmative defense to be pleaded in a defendant's answer (*Test Masters Educ. Servs., Inc.*, 428 F.3d at 570 n. 2) there are times when it may be raised on a Rule 12(b)(6) motion. This Court has found that res judicata may be properly raised on a motion to dismiss when "the facts are admitted or not controverted or are conclusively established." *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, at *6 n. 13 (5th Cir. 1995) (per curiam) (unpublished) (internal citations omitted). "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.*

Here, besides the pleadings, the district court took into account public records and prior court proceedings in deciding the Rule 12(b)(6) motion. Accordingly—if the elements of res judicata were met—it appropriately dismissed the RMC's claims on this basis.

Four elements must be present to support a finding of res judicata: (1) the parties are identical or in privity; (2) the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions. *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004). The district court held that all four elements were established here.

RMC contests the district court's finding on the first of those four elements; namely, it argues that there is no privity between RMC and the Meyerses. We disagree. Textron is the only defendant in both actions. As the district court pointed out, it is undisputed that the Meyerses controlled the

4

instant action as well as the dismissed case. RMC alleges that it is an entity owned by the Meyerses; public records show that the Meyerses are the sole managers or members of RMC; and RMC stipulated that the Meyerses owned RMC and were RMC's sole members and managers with "full authority to exercise RMC's powers and bring or defend claims on RMC's behalf." R. at 178. To whatever extent RMC has a legitimate interest in the claims and causes of action alleged in the instant action, RMC's interests in those claims and causes of action were adequately represented by the Meyerses in the previously dismissed case. Thus, the record supports a finding of privity.

Because we affirm on the district court's dismissal of RMC's suit on grounds of res judicata, we do not need to reach the Rule 9(b) issue. *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) ("[A court of appeals] may affirm for any reason supported by the record . . ."). Furthermore, in light of our earlier finding that the claims were appropriately dismissed on res judicata, we pretermit discussion of RMC's argument that the district court should not have dismissed its claims with prejudice. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *see also Wilder Corp. of Del., Inc. v. Rural Cmty. Ins. Servs.*, 494 F. App'x 487, 490 (5th Cir. 2012) (per curiam) (unpublished) ("Because [the party's] counterclaim is conclusively barred by res judicata, dismissal with prejudice was appropriate.").

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing RMC's claims.