# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10676

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

SCOTT MEYERS; SUSAN MEYERS,

Plaintiffs–Appellants,

versus

TEXTRON FINANCIAL CORPORATION,

Defendant–Appellee,

versus

CYNTHIA WILLIAMS COLE,

Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-MC-15

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Scott and Susan Meyers and their attorney, Cynthia Cole, appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10676

sanctions awarded against them in favor of Textron Financial Corporation ("Textron"). Textron moves for attorney's fees and costs pursuant to Federal Rule of Appellate Procedure 38. We affirm the sanctions and deny the fees.

I.

We reviewed part of the history of this case in *Meyers v. Textron, Inc.*, 540 F. App'x 408 (5th Cir. 2013) (per curiam), portions of which we repeat here. The Meyerses formed AIH Acquisitions, L.L.C. ("AIH"), to purchase assets from American IronHorse Motorcycle Company, Inc. ("AIMC"), after it had filed for bankruptcy. Textron was AIMC's pre-petition secured lender and post-petition debtor-in-possession lender. After negotiations between the Meyerses and Textron, AIH and Textron finalized a sales transaction in which AIH acquired AIMC using financing from Textron. AIH defaulted shortly thereafter, and the Meyerses filed a petition for intervention against Textron alleging fraudulent inducement and negligent misrepresentation. The bankruptcy court dismissed those claims with prejudice. On appeal, the district court determined that the bankruptcy court did not have the constitutional authority to dismiss the claims with prejudice, but the district court dismissed them with prejudice on its own.

Rocky Mountain Choppers, L.L.C. ("RMC"), then sued Textron, alleging fraud in connection with the sales transaction. Textron moved to dismiss and for sanctions against the Meyerses and Cole. The district court severed the request for sanctions into the case that is currently on appeal and dismissed RMC's complaint with prejudice on the ground that, *inter alia,* it was barred by res judicata because of the Meyerses previously dismissed case. We affirmed after concluding that there was privity between RMC and the Meyerses—they solely owned RMC and were its only members, they "controlled the [RMC] action as well as the dismissed case," and they had "full

2

No. 14-10676

authority to exercise RMC's powers and bring or defend claims on RMC's behalf.'" *Id.* at 410.

After briefs were filed in the sanctions action, the district court ordered the Meyerses, Cole, and Textron to have a face-to-face meeting to resolve the dispute. Because that meeting never occurred, Cole and the Meyerses were ordered to show cause—in a written filing followed by a hearing—for why they should not be sanctioned. The court also ordered each party to file a document, with all available legal authorities, establishing whether the Meyerses could be sanctioned even though they were not named parties to the RMC complaint, and the court ordered the Meyerses to inform it whether they intended to raise that issue as a defense. The Meyerses and Cole failed to comply with those orders.

On the morning of the hearing, Cole filed a Suggestion of Bankruptcy and "suggest[ed] that this action and all hearings or other activity related thereto have been stayed by operation of Title 11 U.S.C. § 362." Although counsel for Textron was present at the hearing, Cole and the Meyerses did not appear.

The following day, the court noted that, "[f]or the fifth time, [the Meyerses and Cole] have failed to comply with an order of this court," and it indicated that those failures were "intentional[], deliberate[], and contemptous[] . . . ." The court also ruled that § 362 did not stay the sanctions hearings and that, regardless, Cole had an obligation to appear as counsel for the Meyerses.

The court then ordered the Meyerses and Cole to file two itemizations of fees and expenses incurred in previous proceedings in which Textron was a party. Nothing was filed, and the court found that they have "twice again creat[ed] the appearance that they have disrespect and contempt for the authority of this court." The court ordered them to file the information

3

required in the previous order, followed by a show-cause hearing.

On the day the filings were due, Cole appeared through counsel and motioned to extend the deadline and continue the hearing. On the day before the hearing, Cole's counsel filed an amended motion for continuance, and Cole filed a motion for continuance on behalf of the Meyerses. Both motions contained an affidavit from Cole stating that the Meyerses and Cole had not received some of the orders.

After hearing testimony from Cole and Susan Meyers, the court found that Cole had received all previous orders and that their statements to the contrary were knowingly false and an attempt to defraud the court. Nevertheless, the court continued the hearing to give the Meyerses an opportunity to decide whether to replace Cole with an attorney whose interest did not conflict with theirs.[1] The court also ordered them to provide the information required by prior orders.

On the day those filings were due, Cole told the court she would not be filing anything, pointing to a settlement discussion with Textron. Because there was a disagreement about whether a settlement had been reached, the court ordered the hearing to proceed as scheduled; the Meyerses and Cole to show cause for why they should not be sanctioned for their failures to provide court-ordered information; and Cole to verify by affidavit that she had provided the Meyerses with copies of previous orders.

Following a two-day show-cause hearing, the court imposed sanctions, jointly and severally, against the Meyerses and Cole for their conduct in the RMC case and the sanctions action. In a thirty-six page opinion, the court

---

[1] Cole continued to represent the Meyerses in district court and is their counsel on appeal.

4

No. 14-10676

awarded Textron $79,424.21 (later reduced to $75,249.41 because of a calcula-tion error) under Rule 11 and 28 U.S.C. § 1927, concluding that the Meyerses and Cole had brought the RMC case "in bad faith, vexatiously, and for the pur-pose of harassment." *In re Motion for Sanctions Against Meyers*, No. 4:12-MC-015-A, 2014 WL 1494099, at *14 (N.D. Tex. Apr. 16, 2014). Alternatively, the court held that the same award would have been appropriate pursuant to its inherent power. In a separate forty-eight-page opinion, the court awarded "Textron $83,693.87 as a sanction pursuant to the inherent power of the court to address the bad faith litigation conduct of the Meyerses and Cole in relation to [the action for sanctions]." *In re Motion for Sanctions Against Meyers*, No. 4:12-MC-015-A, 2014 WL 1910621, at *1 (N.D. Tex. May 9, 2014). The Meyerses and Cole appeal those awards.

## II.

Sanctions awarded under Rule 11 and 28 U.S.C. § 1927 are reviewed for an abuse of discretion. *See Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548–49 (5th Cir. 2001). "We review *de novo* a district court's invocation of its inherent power and the sanctions granted [thereunder] for an abuse of discre-tion, recognizing that '[a] court should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled.'"[2] "We review the factual findings underlying those sanctions, however, only for clear error." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010).

## III.

The Meyerses and Cole maintain that they were denied due process at

---

[2] *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008) (second alteration in orig-inal) (footnote omitted) (quoting *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995)) (internal quotation marks omitted).

the show-cause hearing. Under Rule 11 and § 1927, "due process demands only that the sanctioned party be afforded notice and an opportunity to be heard."[3] "In Rule 11 cases, the opportunity to respond through written submissions usually constitutes sufficient opportunity to be heard" without requiring "an actual hearing." *Merriman*, 100 F.3d at 1191–92. Under § 1927, "[t]he right to a hearing . . . is limited to cases where a hearing would assist the court in its decision." *Travelers*, 38 F.3d at 1418 (quoting *Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1201 (7th Cir. 1987)) (internal quotation marks omitted). Likewise, before invoking its inherent power, "[a] court must . . . comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Citing the entirety of the 523-page hearing transcripts, the Meyerses and Cole assert that the court improperly limited their testimony and "completely ceased cross examinations" and that Cole "was told to stop talking after each sentence of her [closing argument]"—purportedly demonstrating "the court's bias and lack of impartiality [that] violated their right to due process." As a preliminary matter, "the Federal Rules of Appellate Procedure require that appellants, rather than the courts of appeals, ferret out and articulate the record evidence considered material to each legal theory advanced on appeal."[4] Even if their arguments are not waived for lack of citation to specific incidents, a cursory review of the record shows that their descriptions of the proceeding are badly exaggerated.

Although the Meyerses and Cole claim that the district court "completely

---

[3] *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996); *accord Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1418 (5th Cir. 1994).

[4] *Alexander v. Monsanto Co.*, 396 F. App'x 137, 140 (5th Cir. 2010) (per curiam) (quoting *Conto v. Concord Hosp., Inc.*, 265 F.3d 79, 81 (1st Cir. 2001)) (internal quotation marks omitted).

ceased cross examinations," Textron called two witnesses: Cole, who was not cross-examined, and another, who was cross-examined without interruption. Similarly, Cole was not "told to stop talking after each sentence of her [closing argument]"; instead, she argued—with only one interruption—over five of the seven transcribed pages of closing argument and was never told to stop talking. The court spoke only seven times, instructing Cole to limit argument to the record and confirming the testimony of a witness. When asked whether there was anything else she wanted to say, Cole declined, stating that "it's all in the record . . . ." Although the Meyerses and Cole maintain that the court improperly limited their answers to "yes or no," citing no specific instances, they perhaps refer to the single occasion on which the court instructed Cole to "[e]ither say yes or no or whatever the appropriate answer is . . . without just grunting."

In addition to the initial briefing they submitted in opposition to sanctions, the Meyerses and Cole were afforded multiple opportunities to provide additional information. They were given a two-day hearing, and due process was not violated by the court's instructions to stay within the record or confirmation of testimony. Rather than conducting the proceedings with bias, the court acted with commendable patience throughout this case.

The Meyerses aver that the court prohibited them from arguing that it was improper to sanction them because they were not named parties to the RMC complaint. They neglect to mention, however, that they failed to comply with multiple orders to file a document with all legal authorities establishing whether they could be sanctioned, and they did not inform the court whether they intended to raise that issue as a defense. Although Textron filed the requested document, the Meyerses did not; Cole does not deny receiving that order, nor does she explain why it was ignored.

The Meyerses also contend that "the district court went so far as to enter

an order forbidding [them] from including RMC in written filings with the court," but the court did no such thing; it merely instructed them "not to pretend in any of their filings that [RMC] is a party to this action."[5]  Rather than preventing them from arguing that they could not be sanctioned because they were not named parties to the RMC case, the court solicited their views on the issue, and Cole argued the point uninterrupted in closing argument.

We need not decide whether the Meyerses fall within the scope of Rule 11, which authorizes sanctions against "any attorney, law firm, or party that violated the rule or is responsible for the violation," if sanctions were appropriate under the court's inherent power, which "extends to a full range of litigation abuses."[6]  A court must make a specific finding of bad faith before using its inherent power to impose sanctions.  *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001).

Although the district court made such a finding, the Meyerses and Cole maintain that they did not act in bad faith because there was only one cause of action filed by RMC against Textron.  Relying on specific factual findings that are unchallenged on appeal, the court concluded that the allegation in the RMC complaint—that RMC was fraudulently induced by Textron to provide funding for AIH's purchase of AIMC's assets—was false and an attempt to

---

[5] RMC was not a party to the severed action for sanctions, yet Cole filed a document showing herself to be attorney for herself, the Meyerses, and RMC, and she referred to RMC as one of the parties.

[6] *Chambers*, 501 U.S. at 46 ("[W]hereas [Rule 11 and § 1927] reach[] only certain individuals or conduct, the inherent power extends to a full range of litigation abuses.  At the very least, the inherent power must continue to exist to fill in the interstices."); *see* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 11.41[1] (3d ed. 2014) ("If the district court cites multiple sources of authority for sanctions, the appellate court . . . will reverse the award only if none of the sources provides a sound basis for the sanctions." (citing *Balerna v. Gilberti*, 708 F.3d 319, 323 (1st Cir. 2013); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238–39 (11th Cir. 2007))).

circumvent res judicata.  The court set forth nine instances in which the Meyerses and Cole represented in judicial proceedings that the Meyerses, and no one else, provided the funding.  Moreover, RMC did not file a proof of claim in bankruptcy, and there had been no prior assertion that it was the lender.

Finding the Meyerses well-educated, knowledgeable about their business activities, and heavily involved in the litigation, the court concluded that they knew that the allegation in the RMC complaint was false yet caused, authorized, and encouraged Cole to file it.  Likewise, the court found that Cole was deeply involved in the representation of the Meyerses and AIH in the bankruptcy court and knowingly made the false allegation.  Noting that the Meyerses and Cole disregarded Textron's Rule 11 warning, and the Meyerses personally financed all of AIH's bankruptcy litigation against Textron, the court concluded that the RMC complaint was part of an ongoing scheme among the Meyerses and Cole to harass Textron and needlessly increase its litigation costs through repeated court actions, tantamount to a fraud on the court.  Failing to address the court's factual findings, the Meyerses and Cole have not shown that it erred by concluding that the lawsuit "was brought and prosecuted by [them] against Textron in bad faith, vexatiously, and for the purpose of harassment."

The Meyerses and Cole assert that the court erred by "failing to conduct an independent and unbiased investigation" into the reasonableness of the attorney's fees requested by Textron.  Although they state that the district court accepted the testimony regarding the fees "without question" and "was not inclined to require [Textron] to produce an accurate accounting of the fees that were sought," the record belies those assertions.  The court repeatedly asked questions during the testimony about fees and ordered Textron to respond to the claim that the fee calculations were inaccurate.  Once Textron

No. 14-10676

had provided corrected calculations, the court ordered the Meyerses and Cole to identify "each disagreement they now have with the reasonableness, necessity, or calculation of attorneys' fees set forth in Textron's reply," yet they did not respond.

Moreover, the Meyerses and Cole have not shown that the sanctions were inappropriate. The district court limited sanctions to Textron's reasonable attorney's fees and costs despite finding that, in light of "[t]estimony given by Mr. Meyers . . . indicat[ing] that the Meyerses and Cole are not finished with Textron yet . . . a significant sanction award against [them] would be helpful in deterring them from again filing frivolous and harassing litigation against Textron." Finding no error, we affirm the awards.

IV.

Textron moves for sanctions on appeal pursuant to Federal Rule of Appellate Procedure 38. The Meyerses and Cole have not responded to that motion. Under Rule 38, we may award "just damages and single or double costs to the appellee" if we determine that an appeal is frivolous. "An appeal is frivolous if 'the result is obvious or the arguments of error are wholly without merit.'"[7]

Textron identifies many deficiencies with the Meyerses and Cole's brief. The first nineteen pages of their "Statement of Relevant Facts" is mostly copied *verbatim* from a brief filed previously with this court, rehashing their already-rejected fraud claims without a single citation to the record, and is largely irrelevant to this appeal. Their due-process argument grossly exaggerates the limitations placed on them by the district court and provides no specific

---

[7] *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) (per curiam) (quoting *Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1992) (per curiam)).

citation to the 523 pages of hearing transcripts. They claim that "the district court failed to apply to [*sic*] proper standard for awarding sanctions," yet they cite the same standards that the court applied. Likewise, their argument that the district court had made a "pre-hearing promise to rule in [Textron's] favor" is completely unfounded and without citation to the record.

Although much of this appeal borders on frivolous, it is not so deficient as to warrant attorney's fees and costs. We note that Cole does not have a history of filing frivolous appeals, and the parties have agreed to a pre-filing injunction prohibiting the Meyerses from bringing further claims against Textron without first receiving the express permission of the district court.

Textron's motion for Rule 38 relief is DENIED. The judgment is in all respects AFFIRMED.