# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10961

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2020

Lyle W. Cayce
Clerk

HUGH STIEL,

        Plaintiff - Appellant

v.

HERITAGE NUMISMATIC AUCTIONS, INCORPORATED, doing business as Heritage Auctions,

        Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2086

Before SMITH, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Hugh Stiel appeals the district court's Rule 12(b)(6) dismissal of his claims against Heritage Numismatic Auctions, Inc. ("Heritage") as barred by res judicata. After considering the parties' arguments on appeal, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10961

## I. Background

Appellant Stiel is a collector and seller of rare coins.  Appellee Heritage is a business providing auction services for the sale of rare coins.  Between 2012 and 2014, Stiel used Heritage's services to auction his coin collections and bid on other coins.  In the present suit, Stiel alleges that Heritage and several of its employees engaged in improper business activities, such as using "fictitious individuals" to manipulate the bidding process and artificially increase the price of auction items at the expense of the final bidder; engaging in "shill underbidding" to churn profit; making misrepresentations to induce Steil's consignment of valuable coins and later purchase these coins at lesser values; and concealing accurate invoices and account information. Accordingly, Stiel sued Heritage and its employees[1] in the federal district court for the Northern District of Texas, asserting claims for Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, breach of contract, money had and received, fraud, and negligent misrepresentation.

Heritage filed a Rule 12(b)(6) motion to dismiss Stiel's claims against Heritage as barred under the doctrine of res judicata.  In support of its motion, Heritage asked the district court to take judicial notice[2] of an appendix and attachments totaling over 150 pages of Stiel's prior state court action against Heritage.  Heritage argued that Stiel's previous state suit barred the federal

---

[1] Stiel alleges that individual defendants Gregory J. Rohan, Ronald Steven Ivy, and James L. Halperin own Heritage, and that individual defendant Todd Imhof was "assigned to Stiel."  His claims against these individual Defendants remain and are not subject to this appeal.

[2] Citing Federal Rule of Evidence 201, Heritage asked the district court to "take judicial notice of the records in *Stiel v. Heritage Numismatic Auctions, Inc. d/b/a Heritage Auctions*, No. DC-15-09220, in the 162nd Judicial District Court, Dallas County, Texas." Heritage specifically directed the court's attention to Exhibit D, Stiel's first amended state court petition, and Exhibit I, the state court's final judgment on Heritage's counterclaims against Stiel and third-party claims against Lafitte Coin Company, LLC.

No. 19-10961

suit because Stiel's state court petition asserted the same claims against Heritage for breach of contract, money had and received, and negligent misrepresentation. On the day that Stiel filed the federal suit, Stiel voluntarily nonsuited all of his claims against Heritage in the state action, and the state court dismissed those claims without prejudice.

On January 23, 2019, the district court issued an order granting the motion to dismiss with prejudice Stiel's claims against Heritage. Two months later, Heritage filed a motion for entry of final judgment, and the district court entered a final judgment disposing all of Stiel's claims against Heritage. Stiel timely appealed.

## II. Standard of Review

"Dismissal of a complaint for failure to state a claim is reviewed de novo." *Gines v. D.R. Horton, Inc.,* 699 F.3d 812, 816 (5th Cir. 2012). "The res judicata effect of a prior judgment is a question of law that this court reviews de novo." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

## III. Discussion

Stiel contends that the district court erred by (i) improperly applying the test for res judicata; (ii) relying on documents outside his complaint to determine whether res judicata applied; and (iii) failing to convert the motion to dismiss into a motion for summary judgment.

### A.

The district court ruled that Stiel's claims against Heritage are barred by res judicata because these claims "could and should have been raised and litigated in the state court action along with the determination of Heritage's counterclaim and third-party claim under Texas' transactional test." At no point in his initial brief, however, does Stiel provide an argument to find error in the district court's res judicata analysis. Instead, Stiel briefly mentions that limited discovery would have "assist[ed] the district [court] in determining if

3

No. 19-10961

Stiel's claims are truly barred by res judicata." Stiel raises issue with the district court's application of Texas res judicata law only in his reply brief, presumably after realizing that Heritage's response brief offered a concise one-page defense of the district court's res judicata holding. Unfortunately, Stiel's eleventh hour argument is too little, too late. "Because we do not consider arguments raised for the first time in a reply brief, we decline to address this issue." *United States v. Transocean Deepwater Drilling, Inc.,* 767 F.3d 485, 492 (5th Cir. 2014). Although we have discretion to consider such arguments in extraordinary circumstances, we decline to do so here as Heritage has been deprived of a chance to adequately respond to Stiel's newly raised argument. *Cousin v. Trans Union Corp.,* 246 F.3d 359, 373, n.22 (5th Cir. 2001) (noting the "contemptible situation where an appellant raises a completely new issue in its reply brief, disadvantaging the appellee"). Accordingly, Stiel waived the res judicata issue, and the district court's analysis stands undisputed.

**B.**

We next turn to Stiel's two remaining arguments that the district court erred in considering state court documents attached to Heritage's motion to dismiss and in not converting the motion into one for summary judgment. Heritage maintains, however, that Stiel made these arguments for the first time on appeal. We address whether these arguments were properly raised before the district court and can be considered on appeal. *See Celanese Corp. v. Martin K. Eby Constr. Co.,* 620 F.3d 529, 531 (5th Cir. 2010).

"[A]n argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *In re Liljeberg Enterprises, Inc.,* 304 F.3d 410, 428 n.29 (5th Cir. 2002). A review of Stiel's briefing on the motion to dismiss reveals that Stiel made no mention of the impropriety of Heritage's attachments or challenge to the authenticity and accuracy of such records. In fact, Stiel only argued for the

first time in his response opposing Heritage's motion for entry of final judgment that the district court erred in its finding of res judicata and took improper notice of extrinsic evidence that was not "central" to Stiel's claims in his complaint. Even if we were to construe these arguments as a separate motion pursuant to Federal Rule of Civil Procedure 60(b), "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citing *Westbrook v. C.I.R.*, 68 F.3d 868, 879 (5th Cir. 1995)).

Moreover, "[w]e will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996) (citing *Singleton v. Wulff,* 428 U.S. 106, 120 (1976)). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.* (citing *Verdin v. C & B Boat Co.*, 860 F.2d 150, 155 (5th Cir. 1988)). Stiel has failed to demonstrate a miscarriage of justice, especially considering that he made no responsive pleading to the district court's order staying the case "pending the [c]ourt's decision on whether res judicata and/or collateral estoppel bar this action." It was only after losing his claims against Heritage that Stiel covertly raised new arguments and attempted to attack the district court's consideration of state records. Although "generally a res judicata contention cannot be brought in a motion to dismiss," a district court may consider it in that posture when the plaintiff "did not challenge [the defendants'] ability to argue res judicata in a motion to dismiss rather than in their response or a motion for summary judgment." *Test Masters,* 428 F.3d at 570 n.2.

Accordingly, Stiel waived any challenges to the authenticity and judicial notice of the state court documents presented in Heritage's motion to dismiss.

No. 19-10961

In any event, the district court may properly take judicial notice of public state court records.

## C.

When "facts are admitted or *are not controverted* or *are conclusively established* so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisions of Rule 12(b)(6) or Rule 56(c)." *Larter & Sons v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir. 1952) (emphasis added). Therefore, a district court "may consider" other "sources" when deciding a Rule 12(b)(6) motion, such as "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Federal Rule of Evidence 201 also authorizes the court to take judicial notice of "adjudicative facts," not legal determinations. We have allowed a "district court to take judicial notice of the public records in . . . prior state court proceedings." *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 835, 205 L. Ed. 2d 483 (2020) (citing *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829 (5th Cir. 1998) and *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Accordingly, the district court was allowed to take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss. *See Anderson v. Wells Fargo Bank, N.A.,* 953 F.3d 311, 314 (5th Cir. 2020); *see also Lowe v. Hearst Commc'ns, Inc.,* 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All court records are

No. 19-10961

presumptively available to the public and may be sealed only pursuant to the conditions of Texas Rule of Civil Procedure 76a.").

## III. Conclusion

For these reasons, we AFFIRM the district court's dismissal of Stiel's claims against Heritage.