GRIFFIS, P.J.,
for the Court:
¶ 1. Eva Anderson filed a complaint that alleged her mortgage-loan-refinancing documents were forged. The chancellor granted the defendants summary judgment on the basis of res judicata. Anderson appeals and argues that the chancellor erred because genuine issues of material fact were in dispute and summary judgment was not appropriate. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 23, 2004, Anderson refinanced her mortgage. She signed a new deed of trust that secured a promissory note in the principal amount of $207,000.

A. Federal Court Lawsuit

¶ 3. On November 14, 2006, Anderson filed a pro se lawsuit against HomEq Servicing Corporation, Wachovia Bank National Association, and Wachovia Mortgage Corporation. The action was removed to the United States District Court for the Southern District of Mississippi, civil action number 2:06cv266. The complaint alleged the existence of the December 23, 2004 note and deed of trust:
5. That heretofore on the 23rd day of December, A.D., 2004, Eva Anderson-Connerly entered into a Promissory Note and Deed of Trust for the purchase of certain lands in Forrest County, Mississippi as will be more particularly described later in this Complaint.
6. That Eva Anderson-Connerly borrowed the sum of $207,000, to purchase real property at 203 Country Park Drive, Petal, Forrest County, Mississippi.
7. That said Deed of Trust was recorded in Forrest County, Mississippi in the Deed of Trust and Mortgage Book 1414 at Page 99ff.
¶ 4. The federal court case was settled and dismissed with prejudice. As part of the settlement, Anderson executed a loan modification, dated March 27, 2008. The loan modification stated that it “amends and supplements (1) the Mortgage Deed of Trust, or Deed to Secure Debt (the “Secu *1082 rity- Instrument”), dated the 23rd day of December, 2004 .... ” Anderson also signed a settlement agreement and release on April 16, 2008, which stated: “WHEREAS, on December 23, 2004, Plaintiff [Eva Anderson] entered into a Promissory Note and Deed of Trust in favor of Argent Mortgage Company, LLC, in the principle sum of Two Hundred Seven Thousand dollars ($207,000).” It further stated that in return for valuable consideration, Anderson expressly agreed to release all defendants, including Ho-mEq and its “successors and assigns or other related ... business entities who may be or may hereafter be alleged to be liable for any and all claims ... in any way directly or indirectly connected with or related to claims that were or could have been asserted in the lawsuit.” The federal court entered an order of dismissal with prejudice on March 3, 2008.

B. This Lawsuit

¶ 5. On July 1, 2010, Anderson filed pro se a “Complaint for Forged Signature and Other Relief’ in the Chancery Court of Forrest County, Mississippi. She named as defendants: Barclays Capital Real Estate, d/b/a HomEq, et al.; Argent, d/b/a Ameriquest Mortgage; Heritage Title Company; Jessica Vargas, notary for Argent and Heritage Title.
¶ 6. The complaint alleged that Anderson had been previously unaware of the loan documents dated December 23, 2004, which purportedly bore her signature; and “[t]hat the notary for Argent misrepresented the paperwork dated December 23, 2004, which states that [Anderson] did personally come before her and signed [sic] said documents.”
¶ 7. On November 30, 2010, with leave of court, Anderson filed an amended complaint against HomEq; Ocwen Loan Servicing, LLC (Ocwen); Heritage Real Estate Services, LLC; Paige Jones; Vargas; and John Does A through Z. In her amended complaint, Anderson maintained that legitimate loan documents dated December 23, 2003, existed, but she alleged that she never signed the December 23, 2004 loan documents. Anderson only served a summons and complaint on Ho-mEq and Ocwen.
¶ 8. HomEq and Ocwen filed a motion for summary judgment. HomEq and Ocwen asked the court to dismiss Anderson’s claims because she:
(1) received a valuable settlement of her claims in previous litigation filed in 2006, and settled in 2008, (2) has made blatant and inconsistent misrepresentations of fact to this court and is barred from bringing her suit under the doctrine of judicial estoppel, and (3) has conclusively admitted certain facts through requests for admissions.
The motion argued that there were no genuine issues of material fact in dispute and the defendants were entitled to a judgment as a matter of law.
¶ 9. On April 20, 2012, the chancellor entered an opinion and final judgment that granted summary judgment and dismissed Anderson’s complaint with prejudice. The chancellor found Anderson’s claims to be frivolous and gave the defendants thirty days to submit their itemization of costs and attorney’s fees for the chancellor to award sanctions. On May 4, 2012, Anderson filed her notice of appeal.
STANDARD OF REVIEW
¶ 10. Recently, in Karpinsky v. American National Insurance Co., 109 So.3d 84, 88 (¶¶ 9-10) (Miss.2013), the supreme court succinctly stated the standard of review:
I. Standard of Review
*1083 We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made.
II. The Summary-Judgment Standard Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
(Citations and internal quotation marks omitted).
ANALYSIS
¶ 11. Anderson states the issue on appeal as follows:
Whether the court erred by granting summary judgment to the defendants based upon res judicata or otherwise where there was clear sworn contradictions by plaintiff that the alleged December 23, 2004 loan was not signed by her despite her 2008 settlement of the federally removed chancery court action which referenced a December 2004 loan and further erred by supporting this ruling by finding that the admissions were deemed the truth when plaintiff had responded in denial within the extended time allowed by the predecessor chancellor.
¶ 12. Anderson then argues that the chancellor failed to consider all the evidence and her arguments. She explains that she invoked chancery jurisdiction to stop a threatened foreclosure by the defendants. She had learned only recently before her pro se filing that the settlement of the 2006 lawsuit had been based upon a false and fraudulent purported loan dated December 23, 2004. She continues that while the 2006 lawsuit, which was removed to federal court, had resulted in statements by her as to the existence of a December 23, 2004 loan, she claimed early on that there was no such 2004 loan, but her loan was on December 23, 2003. It had a fixed monthly payment of $1,100, and was for the amount of $169,000, while the December 2004 was for some $207,000, and had an adjustable interest rate. The adjustable interest rate was what had increased her payments approximately $500 and caused her economic hardship. She claimed that she never agreed to an adjustable rate.
¶ 13. Anderson claimed that she repeatedly requested HomEq provide her documentation of why she was paying such a high monthly payment. They never provided her the documentation. She then contended the 2008 loan modification generated from her 2006 lawsuit was obtained by fraud since it was founded upon the false and forged December 23, 2004 loan documents. She further claimed that the defendants had no standing because they could not produce ownership of the original December 23, 2004 loan.
¶ 14. HomEq and Ocwen argue that Anderson’s suit was properly dismissed as a matter of law because Anderson previously released all of her claims against them. In the settlement of her 2006 lawsuit, Anderson executed a settlement agreement and release, which expressly released “any and all claims in any way directly or indirectly connected with or related to claims that were or could have *1084 been asserted in the Lawsuit” that Anderson might have against HomEq, a defendant in that suit. The settlement agreement also released any claims Anderson might have against HomEq and its “successors and assigns or other related ... business entities who may be or may hereafter be alleged to be liable for any and all claims.” Because Ocwen services Anderson’s mortgage through a service-transfer agreement with HomEq, Anderson’s claims against Ocwen were also released in 2008 as a matter of law.
¶ 15. Anderson does not argue that her claims in this lawsuit against HomEq and Ocwen are not within the terms of the release. Instead, she argues that her attorney in the 2006 litigation “gave [her] a back copy — a signature page, and that is all [she] signed.” She said, “I never read the [settlement] document.” The supreme court has discussed the interpretation and validity of releases and held that “every person must be presumed to know the law, and in absence of some misrepresentation, or illegal concealment of facts, the person must abide the consequences of his contracts and actions.” Farragut v. Massey, 612 So.2d 325, 329 (Miss.1992) (quoting McCorkle v. Hughes, 244 So.2d 386, 388 (Miss.1971)).
¶ 16. Here, Anderson does not claim misrepresentation or illegal concealment of facts. As a result, she must abide by the consequences of her contract. The chancellor concluded that Anderson was “estopped by res judicata from bringing the claims she asserts because she previously settled claims against the Ocwen Defendants related to the very note that is the subject of her claims in this matter.” Res judicata bars a plaintiff from asserting in later litigation any claims that were, or could have been asserted, in previous litigation. Marcum v. Miss. Valley Gas Co., 672 So.2d 730, 732 (Miss.1996).
Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made.
Id. (quoting Dunaway v. W.H. Hopper & Assocs., Inc., 422 So.2d 749, 751 (Miss.1982)). All of the identities are present here.
¶ 17. In Harrison v. Chandler-Sampson Insurance, Inc., 891 So.2d 224, 232 (¶ 22) (Miss.2005), the supreme court held that res judicata has two functions. One, res judicata bars claims actually litigated previously. Id. Two, res judicata merges or prevents subsequent litigation of any claim that should have been litigated previously. Id. The court has also noted that “Mes judicata ‘reflects the refusal of the law to tolerate a multiplicity of litigation.’ ” Channel v. Loyacono, 954 So.2d 415, 424 (Miss.2007) (quoting Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1337 (¶ 8) (Miss.1997)).
¶ 18. We find that the chancellor correctly entered summary judgment. There is no genuine issue of material fact in dispute as to whether Anderson executed the settlement agreement and release; she admitted it. She is bound by its terms. Hence, Anderson’s claims are now barred by res judicata. We therefore affirm the judgment of the chancellor.
¶ 19. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPEL-LEES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1085 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ„ CONCUR. FAIR, J., NOT PARTICIPATING.