**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 16-60295
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

EVA ANDERSON,

Plaintiff - Appellant

v.

ARGENT MORTGAGE COMPANY, L.L.C.;
CITI RESIDENTIAL LENDING, INCORPORATED,

Defendants - Appellees

---------------------------------------------------------------
Consolidated with 16-60581

EVA ANDERSON,

Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.; ARGENT MORTGAGE COMPANY, L.L.C.;
DAVID E. SANTA; CITI RESIDENTIAL LENDING, INCORPORATED,

Defendants - Appellees

Appeals from the United States District Court
of the Southern District of Mississippi
USDC No. 2:15-CV-88

No. 16-60295 cons. w/No. 16-60581

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

On appeal Plaintiff-Appellant raises the same issues that the district court found were foreclosed by Fifth Circuit precedent.  Plaintiff claims that Wells Fargo, the current owner of her mortgage, had no right to foreclose on her mortgage because of a fraudulent assignment in the chain of ownership. Plaintiff contends that the assignment violated a Pooling and Services Agreement ("PSA") among parties in the chain of ownership, including Defendants Wells Fargo, Argent Mortgage Company, and Citi Residential Lending.  For the first time on appeal, she also asserts that Article 9 of the Uniform Commercial Code forbids and voids these assignments.

The district court granted Argent's and Wells Fargo's motions to dismiss and granted Citi's motion for judgment on the pleadings because plaintiff lacks standing to challenge the assignment of her mortgage based on alleged violations of the PSA.  The district court also denied plaintiff's motion for leave to amend her complaint and motion for reconsideration on the basis of newly discovered evidence.

We find no reason to amend for newly discovered evidence and will not consider plaintiff's UCC argument for the first time on appeal.  *The Offshore Drilling Co. v. Gulf Copper & Mfg. Corp.*, 604 F.3d 221, 226 (5th Cir. 2010). This court reviews the district court's denial of a motion to amend and denial of a motion for reconsideration for abuse of discretion.  *Stem v. Gomez*, 813 F.3d 205, 216 (5th Cir. 2016); *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60295 cons. w/No. 16-60581

Cir. 2000). Plaintiff's amendment is futile because her amended complaint would likewise be dismissed under Rule 12(b)(6) for failure to include new facts that would alter the district court's jurisdictional analysis. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile."); *Stem*, 813 F.3d at 216. Plaintiff's motion for reconsideration was also properly denied because she failed to demonstrate that the evidence was unavailable prior to the district court's ruling and consequently has not shown that the evidence is "newly discovered." *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999). Having reviewed the briefs and pertinent portions of the record, we AFFIRM for essentially the reasons stated by the district court.

3