## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60546

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2020

Lyle W. Cayce
Clerk

EVA ANDERSON,

     Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.; OCWEN LOAN SERVICING,
INCORPORATED; JIM B. TOHILL,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before BARKSDALE, HIGGINSON, and DUNCAN, Circuit Judges.

STUART KYLE DUNCAN, Circuit Judge:

*Pro se* plaintiff-appellant Eva Anderson has sued various combinations of the present defendant-appellees and their predecessors-in-interest no fewer than six times, alleging first that her mortgage lender improperly enforced an adjustable-rate rider, *see Anderson v. HomEq Servicing Corp.*, 2:06-cv-266, ECF 1-2, at 3 (S.D. Miss. Dec. 13, 2006), and now that an assignment of her mortgage was invalid. The parties executed a settlement agreement disposing of the first lawsuit. That agreement contained a release of claims against the mortgage's owners and servicers and their assigns. The second and third lawsuits were dismissed on *res judicata* grounds. On her fourth and fifth

attempts, Anderson added new claims, all regarding the same mortgage, and those claims, too, were dismissed. Now, she seeks to revive the claims from her fifth lawsuit. The district court dismissed for *res judicata*, and we affirm. We also determine that Anderson's appeal is frivolous and order her to show cause within fourteen days why she should not be sanctioned as described below.

## I.

In 2004, Anderson executed a $207,000 mortgage, in the form of a deed of trust, against a property in Petal, Mississippi. In 2006, she sued the mortgage's owner and servicers in state court, regarding the mortgage's adjustable-rate rider. The case was removed and then settled. As part of the settlement, Anderson agreed to release the defendants and their assigns from any claims "directly or indirectly connected with or related to claims that were or could have been asserted" in that lawsuit. In 2010, Anderson sued the owners' and servicers' successors in state court, bringing essentially the same claims as in 2006. Summary judgment was granted and affirmed based on Anderson's previous release and *res judicata. Anderson v. Barclays Capital Real Estate, Inc.*, 136 So. 3d 1080 (Miss. Ct. App. 2013). Her third lawsuit, brought in state court in 2013, was dismissed. Her fourth, filed in federal court in 2015, alleged the mortgage and settlement were fraudulent. It, too, was dismissed. She filed a fifth *pro se* lawsuit later in state court in 2015, alleging that an assignment of her mortgage from one servicer to another was fraudulent. Following removal, this lawsuit was dismissed because Anderson lacked standing to challenge the assignment. Anderson appealed, and we affirmed. *See Anderson v. Argent Mortg. Co., L.L.C.*, 692 F. App'x 769, 770 (5th Cir. 2017).

Now, on her sixth attempt, Anderson brings ten claims, all based on an allegation that the assignment of her mortgage "is fatally defective as it does

not assign the note and deed to any trust" and instead "assigns it to a non-existing nothing." From this, she alleges "wire fraud," "theft by conversion," "abuse of process," and a number of other frivolous transgressions. The present defendant-appellees, Wells Fargo, N.A., Ocwen Loan Servicing, Inc., and Jim B. Tohill, trustee of the deed of trust, removed the matter from Mississippi state court and moved to dismiss on *res judicata* grounds under Federal Rule of Civil Procedure 12(b)(6). With laudable patience, the district court parsed the judgments in Anderson's previous lawsuits and found they barred the present suit. Accordingly, it dismissed the case. Anderson timely appealed. Anderson repeats her arguments to the district court and argues further that the district court lacked diversity jurisdiction over the removed matter because Tohill and Anderson are both Mississippi residents.

## II.

A dismissal pursuant to Rule 12(b)(6) is reviewed *de novo. Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015) (citation omitted). Although *res judicata* generally cannot be raised in a motion to dismiss and should instead "be pleaded as an affirmative defense," dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citations omitted). Here, Anderson raises no such challenge. And, as the district court did, we take judicial notice of the previous judgments and opinions, matters of public record that were attached to the motion to dismiss. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

No. 18-60546

III.

We first address Anderson's contention that the district court lacked diversity jurisdiction over the removed matter because Tohill and Anderson are both Mississippi residents. She is incorrect. For purposes of diversity of citizenship, we ignore the presence of mere "nominal" parties, without whose presence the district court could still "enter a final judgment consistent with equity and good conscience." *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366–67 (5th Cir. 2006) (citation omitted; cleaned up). Under Mississippi law, the trustee of a deed of trust "is little more than an agent" whose duties are "prescribe[d]" by the deed. *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990). Of course, the trustee is not necessarily a nominal party when he is alleged to have misadministered the trust or has a similar personal connection with the claims. *See, e.g.*, *Sims v. Shapiro & Massey, LLP*, No. 2:11-CV-248, 2012 WL 13024148, at *2–3 (S.D. Miss. Jan. 17, 2012) (trustee not nominal party where complaint alleged trustee "was a knowing and active participant in the intentional wrongful foreclosure" and there was "a reasonable basis to predict that" plaintiff could recover from trustee in state court). But where the complaint contains no meaningful allegations regarding the trustee and he has no special stake in the litigation, the trustee may be disregarded as nominal. *See Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, No. 1:09-CV-723, 2010 WL 502698, at *1–2 (S.D. Miss. Feb. 5, 2010). Here, Anderson's complaint contains no allegations or claims against Tohill. There are no allegations Tohill was actively involved in any of the events giving rise to Anderson's claims. Under these circumstances, Tohill is a mere nominal party whose presence did not defeat diversity jurisdiction.

IV.

We next address whether *res judicata* bars Anderson's complaint. As a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Along the same lines, "[i]n determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Here, all five judgments' preclusive effects are determined by Mississippi law. This is because the first, fourth, and fifth judgments were rendered by the Southern District of Mississippi sitting in diversity, applying Mississippi law, *see Semtek*, 531 U.S. at 508, and the second and third judgments were rendered by Mississippi state courts, *see Weaver*, 660 F.3d at 906.

In addition to a "final judgment on the merits of an action" from "a court of competent jurisdiction," Mississippi *res judicata* requires four "identities" between the present and previous cases:

> (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

*Derr v. Swarek*, 766 F.3d 430, 440 (5th Cir. 2014) (quoting *inter alia Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005)).

Here, as the district court noted, all of Anderson's previous actions resulted in final merits judgments from courts of competent jurisdiction. Moreover, all four identities are met. Wells Fargo and Ocwen are common to previous proceedings, satisfying the third identity. Wells Fargo was a defendant in Anderson's fifth lawsuit, among others. Ocwen was a party to her

second lawsuit, filed in 2010. They were sued in "their same respective interests"—owner and servicer of the mortgage—in the prior cases, satisfying the fourth identity. *Avakian v. Wilmington Tr., N.A.*, 242 So. 3d 961, 970 (Miss. Ct. App. 2018). Centered on the 2004 mortgage and subsequent assignment, the present lawsuit "stem[s] from" the same "nucleus of operative fact" and "involves the same body of evidence" as the previous five lawsuits, satisfying the first and second identities. *Harrison*, 891 So. 2d at 234–36 (citations omitted; cleaned up). We therefore agree with the district court that *res judicata* bars Anderson's claims.

V.

Finally, we determine Anderson's appeal to be frivolous and therefore order her to show cause why she should not be sanctioned under Federal Rule of Appellate Procedure 38 and this court's inherent power. Rule 38 empowers us to "award just damages and single or double costs to the appellee" upon determining an appeal is frivolous, provided there is "a separately filed motion or notice from the court and reasonable opportunity to respond." We also have "inherent power to impose sanctions for abuse of the judicial process." *Henneberger v. Ticom Geomatics, Inc.*, No. 19-50024, 2019 WL 5688237, at *2 (5th Cir. Nov. 1, 2019) (quoting *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010)). "That [her] filings are *pro se* offers [Anderson] no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* at *1 n.2 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

We find Anderson's appeal frivolous. Anderson fails to advance any ground for reversal not clearly foreclosed by previous proceedings and the settlement agreement. Moreover, as the district court put it, Anderson's

complaint strongly suggests her repeated lawsuits are "aimed at delaying the lawful foreclosure of the property" against which the mortgage was issued.

Ours is at least the third judicial notice Anderson has been given regarding her frivolous filings. The district court found Anderson's present lawsuit was "in clear violation" of Federal Rule of Civil Procedure 11, which prohibits parties from filing any pleadings "for any improper purpose." Before that, in its order dismissing her 2010 lawsuit, a Mississippi chancery court sanctioned Anderson under Mississippi Rule of Civil Procedure 11 and ordered her to pay her opponents' attorneys' fees.

We therefore order Anderson to show cause within fourteen days why we should not impose sanctions, including: (1) an injunction against future filings without permission from the forum court, (2) single or double the defendants' costs and attorneys' fees, (3) just damages, and (4) any other just relief necessary to deter her from abusing the judicial process.

\* \* \*

The district court's judgment is therefore AFFIRMED, and Anderson is ORDERED to show cause within fourteen days why she should not be sanctioned as described above.