# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2022

Lyle W. Cayce
Clerk

No. 21-30314

DAVID DOTSON,

*Plaintiff—Appellant*,

*versus*

ATLANTIC SPECIALTY INSURANCE COMPANY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2274

Before KING, GRAVES, and HO, *Circuit Judges*.

JAMES C. HO, *Circuit Judge*:

David Dotson appeals the district court's grant of summary judgment to Atlantic Specialty Insurance Company ("Atlantic"). The district court concluded that this action is precluded on res judicata grounds. We affirm. In doing so, we clarify some doctrinal confusion in our law about Louisiana principles of res judicata that one of our sister circuits has observed.

**I.**

In 2015, a pickup truck driven by John Price collided with a tow truck operated by David Dotson. Dotson's employer owned the tow truck and

insured it with Atlantic. State Farm Mutual Automobile Insurance Company ("State Farm") insured Price's truck.

Dotson filed suit in Louisiana state court against Price and State Farm, seeking damages for his injuries from the accident. He later added Atlantic and Progressive Direct Insurance Company ("Progressive")—Dotson's uninsured and underinsured ("UM") motorist insurer—to the action, asserting claims for UM coverage against both. After Dotson settled with Price and State Farm, Progressive removed the action to federal court on diversity grounds.

Throughout the litigation, Atlantic maintained that its insurance policy in effect at the time of the accident limited UM coverage to $100,000 per accident. Dotson moved for partial summary judgment on the issue, arguing that the limit was actually $1,000,000 per accident because the UM coverage waiver that Dotson's employer had executed in connection with this policy "d[id] not comply with Louisiana law." *See Dotson v. Price*, 399 F. Supp. 3d 617, 619 (E.D. La. 2019). The district court granted Dotson's motion after concluding that "the waiver [wa]s ineffective under Louisiana law" and thus the UM coverage limit had not been reduced to $100,000, as Atlantic maintained. *Id.* at 623–24.

Shortly after the district court's ruling, Dotson and Atlantic filed a notice of settlement. As part of the settlement agreement, Dotson agreed to release "all claims" against Atlantic that Dotson "ha[d] asserted or was required to assert" in the action. A stipulation of dismissal with prejudice was filed on September 24, 2019.

Nine months later, Dotson filed a new action against Atlantic in state court. This time, Dotson asserted claims under Louisiana's bad faith statutes. *See* LA. REV. STAT. § 22:1892; LA. REV. STAT. § 22:1973. More specifically, Dotson alleged that Atlantic had breached the "duty of

good faith and fair dealing" imposed by those statutes by misrepresenting the UM coverage limits of its policy throughout the initial litigation. Dotson further asserted that Atlantic's misrepresentation led him to believe "that his claim was limited to a coverage limit of $100,000 until very late into the litigation," which precluded him from fully developing all of his claims.

Atlantic removed this second suit to federal court, and then moved for summary judgment, arguing Dotson's claims were barred by res judicata. The district court granted Atlantic's motion, and Dotson timely appealed.

## II.

"This court reviews a grant of summary judgment de novo, applying the same standard as the district court." *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). "The res judicata effect of a prior judgment is a question of law that we review de novo." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quotations omitted).

## III.

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021) (quotations omitted). This appeal concerns the former. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id.* (quotations omitted).

No. 21-30314

## A.

Preclusion law varies from jurisdiction to jurisdiction—in some, res judicata applies only to the claims actually brought in the previous suit, whereas in others, res judicata might apply more broadly to other claims. To determine which law applies, we look to the court where the prior judgment was entered. *Compare Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) ("To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged.") (quotations omitted), *with Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) ("[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity.").

Here, the judgment in Dotson's initial action was entered by the same court that this action was removed to—the Eastern District of Louisiana, sitting in diversity. We therefore apply federal common law. *See id.* However, "[a]s a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Semtek*, 531 U.S. at 508). Thus, as a matter of federal common law, Louisiana law determines what preclusive effect (if any) the judgment in Dotson's earlier action has on his claims in this action.[1]

---

[1] We acknowledge, however, that at least one of our unpublished decisions has created confusion on this point, as one of our sister circuits has noted. *See Chavez v. Dole Food Co.*, 836 F.3d 205, 231 & n.153 (3rd Cir. 2016) (discussing conflict among our unpublished opinions). Notwithstanding *Semtek*, one of our unpublished opinions concluded that Louisiana law requires the application of federal res judicata principles when assessing the preclusive effect of judgments entered by federal courts in Louisiana sitting in diversity. *Compare Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x. 429, 434 (5th Cir. 2009) (applying federal law principles notwithstanding *Semtek*), *with Tigert v. Am. Airlines Inc.*, 390 F. App'x. 357, 362 (5th Cir. 2010) (following *Semtek*).

No. 21-30314

## B.

Louisiana "provides a broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation." *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 810 (5th Cir. 2000). That said, "any doubt concerning application of the principle of res judicata must be resolved against its application." *Kelty v. Brumfield*, 633 So. 2d 1210, 1215 (La. 1994).

Louisiana's res judicata statute provides that "a valid and final judgment is conclusive between the same parties, except on appeal or other direct review" and that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished." LA. REV. STAT. § 13:4231(1)–(2). The Louisiana Supreme Court has explained that, under § 13:4231, a second action is precluded when five elements are satisfied: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4)

---

Our holding today makes clear that, under *Semtek*, Louisiana law applies in this setting. In doing so, we acknowledge, as did the Third Circuit, that "before *Semtek*, Louisiana courts stated that the claim-preclusive effect of all federal judgments was controlled by federal principles of claim preclusion." *Chavez*, 836 F.3d at 231. But we are skeptical of the notion that "Louisiana court[s] ha[ve] chosen to ignore *Semtek* outright by looking to federal law, rather than state law, to assess the claim-preclusive effects of a judgment issued by a federal district court sitting in diversity." *Id.* *But see In re Marshall Legacy Found.*, 279 So. 3d 977, 980 (La. Ct. App. 2019) (citing *Minvielle* for the proposition that, notwithstanding *Semtek*, Louisiana courts apply federal law in determining the preclusive effect of federal diversity judgments). We therefore apply principles of Louisiana law to determine the preclusive effect of the prior judgment at issue here.

That said, we agree with the district court that we would "reach the same outcome regardless of whether Louisiana or federal law applies." *Am. Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271 n.20 (5th Cir. 2005). *See also Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (noting Louisiana's res judicata statute "is modeled on the federal doctrine"); *Armbruster v. Anderson*, 250 So. 3d 310, 316 (La. Ct. App. 2018) (describing "res judicata under Louisiana law" as "akin to federal law").

the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008) (quotations omitted). *See also Shearman v. Asher*, 851 So. 2d 1226, 1229 (La. Ct. App. 2003) (noting "consent judgments are given res judicata effect").

It is undisputed that the first four elements are satisfied here. Thus, the critical issue is whether this action arises out of the same "transaction or occurrence that was the subject matter of" the earlier action. *See Chevron*, 993 So. 2d at 194. To resolve that question, we must "examin[e] . . . the facts underlying the event[s] in dispute." *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 872 So. 2d 1147, 1152 (La. Ct. App. 2004).

We agree with the district court that the two actions brought by Dotson are "intertwined and center around the same set of operative facts," namely, Dotson's damages from the accident, the coverage he was entitled to under Atlantic's policy, and Atlantic's response to Dotson's claim for coverage. Indeed, Louisiana courts have found that similar types of bad faith claims are factually intertwined with the underlying contract claim. *See Kosak v. La. Farm Bureau Cas. Ins. Co.*, 316 So. 3d 522, 530 (La. Ct. App. 2020); *Spear v. Prudential Prop. & Cas. Ins. Co.*, 727 So. 2d 640, 643 (La. Ct. App. 1999). We therefore conclude that this action "arises out of the same nucleus of facts" as Dotson's initial suit, the issue of Atlantic's alleged bad faith in misrepresenting its UM coverage "could have been raised" in that initial suit, and Dotson "did not specifically reserve" the right to bring this second suit as part of his settlement agreement with Atlantic. *Shearman*, 851 So. 2d at 1229–30. Thus, Dotson's "second suit . . . is barred by res judicata." *Id. See Lafreniere Park Found.*, 221 F.3d at 811 (an action is barred by res judicata under Louisiana law when "[b]oth of the actions concern a

No. 21-30314

group of facts so connected as to constitute a single wrong and so logically related that judicial economy and fairness mandate that all issues be tried in one suit").

Dotson resists this conclusion, stressing that this "bad faith action constitutes a separate cause of action from his prior claim" because it is based upon a distinct set of legal obligations on the part of Atlantic. This, in his view, means that res judicata cannot apply.

To be sure, prior to 1990, "a second action would be barred by the defense of res judicata only when the plaintiff seeks the same relief based on the same cause or grounds." LA. REV. STAT. § 13:4231, cmt. a. But in 1990, Louisiana "broadened its res judicata law to correspond with federal law." *Lafreniere Park Found.*, 221 F.3d at 810. Under the current iteration of Louisiana's res judicata statute, "[t]he central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 666 So. 2d 624, 632 (La. 1996) (quoting LA. REV. STAT. § 13:4231, cmt. a). So while Dotson is correct that Louisiana's bad faith statutes impose duties on Atlantic that are "separate and distinct from its duties under the insurance contract," *Wegener v. Lafayette Ins. Co.*, 60 So. 3d 1220, 1229 (La. 2011), this action remains barred by res judicata.

## C.

Finally, Dotson contends that an exception to res judicata applies because this case presents "exceptional circumstances." LA. REV. STAT. § 13:4232(A)(1). "The 'exceptional circumstances' exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system,

No. 21-30314

to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties." *Oleszkowicz v. Exxon Mobil Corp.*, 156 So. 3d 645, 648 (La. 2014) (quotations omitted). "It is not intended to apply . . . where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation." *Spear*, 727 So. 2d at 643.

As the district court observed, Dotson was "on notice of all the facts he alleges give rise to his present bad faith claim during the pendency of the 2017 Action," yet he did not attempt to amend his pleadings to include such a claim. Dotson laments that it would have been "impractical" to do so because that would have "delayed the resolution" of his case. That, however, is simply not the type of "complex procedural situation or . . . unanticipated quirk in the system" that would render this a "truly exceptional" case. *Oleszkowicz*, 156 So. 3d at 647–48 (quotations omitted).

Accordingly, we affirm.