NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**PROBIR KUMAR BONDYOPADHYAY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2022-2155

———————————

Appeal from the United States District Court for the Southern District of Texas in No. 4:22-cv-02204, Judge Keith P. Ellison.

———————————

Decided: February 22, 2023

———————————

PROBIR KUMAR BONDYOPADHYAY, Houston, TX, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON, GARY LEE HAUSKEN.

———————————

Before MOORE, *Chief Judge*, LOURIE and DYK, *Circuit Judges*.

PER CURIAM

Dr. Probir K. Bondyopadhyay appeals a decision of the United States District Court for the Southern District of Texas dismissing his complaint for failure to state a claim upon which relief can be granted. For the following reasons, we *affirm*.

BACKGROUND

Dr. Bondyopadhyay owns U.S. Patent No. 6,292,134. This is his third appeal regarding the '134 patent. Relevant here, on November 27, 2019, Dr. Bondyopadhyay filed a complaint against the United States in the Court of Federal Claims, which the court construed as alleging infringement of the '134 patent, fraudulent or false conduct by the government, and a patent-based Takings Clause claim. *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 178 (2020) (*Bondyopadhyay III*), *aff'd*, 850 F. App'x 761 (Fed. Cir. 2021) (*Bondyopadhyay IV*). The United States moved to dismiss the complaint as barred by the doctrine of *res judicata* and for lack of subject-matter jurisdiction. *Bondyopadhyay III*, 149 Fed. Cl. at 183. The Court of Federal Claims determined Dr. Bondyopadhyay's infringement claims were barred under *res judicata* because of a non-infringement judgment entered against him in 2014. *See Bondyopadhyay IV*, 850 F. App'x at 762–63 (citing *Bondyopadhyay v. United States*, 136 Fed. Cl. 114, 116 (2018) (*Bondyopadhyay I*), *aff'd*, 848 F. App'x 301 (Fed. Cir. 2018) (*Bondyopadhyay II*)). Regarding his takings claim and fraud claim, the Court of Federal Claims dismissed for lack of jurisdiction. *Id.* at 763. We affirmed the Court of Federal Claims' dismissal of Dr. Pondyopadhyay's claims. *Id.* at 764–65.

On July 5, 2022, Dr. Bondyopadhyay filed a complaint in the Southern District of Texas, alleging *Bondyopadhyay*

*III* "failed to differentiate between" Article I's grant of power to Congress to promote the progress of science and the useful arts and the Fifth Amendment's Takings Clause. *See* S. App'x 16. Specifically, he alleges he is entitled to "enforcement of a U.S. Constitutional Order . . . arising out of unauthorized use of a patented invention" by the Air Force, which he refers to as a "Jeffersonian Claim." S. App'x 14, 17. He also argues that when the Air Force updates its system that system will then infringe his U.S. Patent No. 11,296,408. S. App'x 15. The United States moved to dismiss under Rules 12(b)(1) and Rule 12(b)(6). The district court granted the motion under Rule 12(b)(6). S. App'x 1–3. Dr. Bondyopadhyay appeals. We have jurisdiction over the claims regarding the '134 patent under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review the district court's dismissal under regional circuit law, here the Fifth Circuit. *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 610 (Fed. Cir. 2016). The Fifth Circuit reviews "motions to dismiss pursuant to Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Balle v. Nueces Cnty.*, 952 F.3d 552, 556 (5th Cir. 2017) (internal citation and quotation marks omitted). We may affirm a dismissal under Rule 12(b)(6) on any ground supported by the record, including for lack of standing. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006). *Res judicata* may be applied on a Rule 12(b)(6) motion where its application "is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

Dr. Bondyopadhyay argues his "Jeffersonian Claim" is not a Takings Clause claim. Appellant's Informal Opening Br. at 7. He argues that the district court failed to assess

infringement of the '134 patent "against the offending" Air Force program. *Id.* at 7–8. Whether this claim is brought under the Fifth Amendment or under the Patent Act, Dr. Bondyopadhyay has already litigated these claims several times without success. *See Bondyopadhyay I*, 850 F. App'x at 762–65 ("But regardless how Dr. Bondyopadhyay characterizes his claims, as unauthorized use of the patent or depriving him of a constitutional right to make a living, his claims boil down to patent infringement, claims that were previously adjudicated against him, and he has failed to allege sufficient additional facts to indicate otherwise."). We affirm the district court's dismissal based on *res judicata*.

To the extent Dr. Bondyopadhyay alleges he is entitled to relief due to the Air Force's future infringement of the '408 patent by implementing any "design corrections" taught by the '408 patent's "simpler, cheaper[,] and faster" design, that alleged future injury is "conjectural or hypothetical." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). We therefore affirm the district court's dismissal of that claim for lack of jurisdiction.

**AFFIRMED**