# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30061
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2023

Lyle W. Cayce
Clerk

DAVID REDDICK,

*Plaintiff—Appellant*,

*versus*

MEDTRONIC, INCORPORATED,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2715

———————————————————

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

David Reddick appeals the district court's dismissal of his complaint on res judicata grounds. For the reasons set forth below, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30061

## I.  Background

### A.  Factual Background

In 2013, Reddick fainted.  He was subsequently diagnosed with syncope and Brugada syndrome, a heart rhythm disorder.  He was told that he needed a defibrillator.  Reddick agreed to the procedure, and had a Medtronic defibrillator—along with a Reveal LINQ, Reveal Insertable Loop Recorder, and Sprint Quattro Lead ("leads")—implanted in his chest.

Shortly after surgery, Reddick allegedly started experiencing shocks from the defibrillator and/or fractured leads.  Reddick eventually determined that he did not have Brugada Syndrome and underwent surgery in 2017 to have the defibrillator removed.  Reddick claims the allegedly defective defibrillator caused him permanent heart damage and scarring and resulted in a permanent disability.

### B.  Original Lawsuit

In 2018, Reddick filed his first lawsuit against Medtronic in Louisiana state court.[1]  Medtronic subsequently removed the case to federal court, and Reddick then filed the operative pleading in the first case.  As relevant here, he asserted four products liability claims under the LPLA—defective construction, defective design, failure to warn, and breach of express warranty—alleging that the defibrillator and its components/accessories were defective thereby causing the unnecessary shocks.  In support of these

---

[1] As explained in III.A., Reddick did not argue below that Medtronic could not raise res judicata in a motion to dismiss.  As such, we, like the district court, take judicial notice of the prior judgment and opinion, as well as other matters of public record attached to Medtronic's motion to dismiss. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

allegations, Reddick cited to previous FDA recalls and the alleged fracture of the Sprint Quattro Lead.  Medtronic moved to dismiss, which the district court granted, dismissing Reddick's products liability claims with prejudice.

A little over a month later, the FDA issued a recall for a certain type of Medtronic defibrillator, noting there was an issue with a rapid decrease in battery life likely caused by a short circuit.

### C.  Second and Current Lawsuit

Almost a year later, Reddick filed the instant lawsuit in Louisiana state court.  Medtronic then removed the case based on diversity jurisdiction. Reddick asserted the same four products liability claims against Medtronic under the LPLA, but this time also alleged (1) the Sprint Quattro Leads fractured due to the short circuit cited in the FDA recall and (2) his injuries were caused by "the defects that [were a] part of the FDA recall."[2]  The district court dismissed Reddick's complaint on res judicata grounds and also denied his request for leave to amend the complaint after discovery.  Reddick timely appealed.

## II.  Jurisdiction & Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a).  We have jurisdiction over this appeal under 28 U.S.C. § 1291 because the district court entered a final judgment dismissing Reddick's case.

We review de novo a district court's decision to dismiss a suit on the basis of res judicata.  *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir.

---

[2] Reddick also appeared to assert a claim against Medtronic for common law fraud as well as a claim styled as "fraud on the FDA."  However, he conceded to the district court that he was abandoning these claims, and does not pursue them on appeal.

No. 23-30061

2015); *see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013).

Likewise, while ordinarily we "review[] the denial of a motion for leave to file an amended complaint for abuse of discretion," the standard of review becomes de novo "where, as here, the district court's denial of leave to amend [is] based solely on futility." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

### III.  Discussion

Reddick contends the district court erred by (1) granting Medtronic's motion to dismiss on the basis of res judicata, and (2) denying his request for leave to amend the complaint after discovery on the ground that it was futile. Neither argument has merit.[3]

### A. Res Judicata

Because this is a diversity case, we assess whether Reddick's claims are barred by res judicata by applying "the preclusion law of the forum state"—Louisiana. *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

Under Louisiana law, a second action is precluded by res judicata when:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause . . . of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause . . . of action asserted in the second

---

[3] Because we affirm the district court's judgment on the basis of res judicata, we do not reach Reddick's other arguments.

suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008) (quotation omitted).  The primary inquiry is whether the actions arise out of the same transaction or occurrence. *Id.*

It is undisputed that the first three elements are satisfied here.  Thus, the remaining issues are whether Reddick's current cause of action (1) existed as of the time of the final judgment in the first case, and (2) arose out of the same transaction or occurrence that was the subject matter of the first case.

To determine whether the current and prior cases arose out of the same transaction or occurrence, we must "examin[e] . . . the facts underlying the event[s] in dispute" to resolve this question. *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1003–04 (5th Cir.) (alterations in original) (quotation omitted), *cert. denied*, 143 S. Ct. 102 (2022).  We agree with the district court that the two actions brought by Reddick involve "the same injuries allegedly caused by the same device"—namely, unnecessary shocks allegedly caused by a defective defibrillator and its components.  We therefore conclude that this action arose from the same transaction or occurrence that was the subject matter of the first action.

Moving to the fourth requirement, we conclude this element is satisfied too.  Reddick's urges that the second suit turned on the FDA recall—which occurred after he filed the first suit.  However, this argument is unavailing because the fact of the recall is "merely *evidence* that relates back to the same allegations asserted" in the first action, "rather than [misconduct] that occurred after the" final judgment in the first action. *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 573 (5th Cir. 2021).  The proper vehicle for Reddick's "newly discovered evidence" would have been

a Rule 60(b) motion in the first action, not a collateral attack through a new case. *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 388 (5th Cir. 2000). Accordingly, Reddick's second suit is barred by res judicata.[4]

### B. Motion for Leave to Amend the Complaint

We also agree with Medtronic that the district court properly denied Reddick's motion for leave to amend the complaint after discovery.

Reddick has conceded—by virtue of his argument that he needs discovery to obtain allegedly confidential information for his parallel products liability claims—that he is pressing the same claims we now hold to be barred by res judicata. Thus, any amendment would have been futile. *See generally Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (concluding denial of a motion for leave to amend is not an abuse of discretion when the amendment would have been futile).

---

[4] Reddick further contends the "exceptional circumstances" exception to res judicata applies because Medtronic allegedly hid evidence of the FDA recall and failed to comply with its duty to supplement its discovery responses during the first action. *See generally* LA. REV. STAT. § 13:4232(A)(1). He also argues that it was procedurally improper to apply res judicata at the motion to dismiss stage. Whatever the merits of these contentions (the notion that he should have received a recall notice for something he no longer had makes little sense), they are not properly before us since Reddick failed to raise these arguments below. *See Cent. Sw. Tex. Dev., L.L.C. v. JPMorgan Chase Bank, Nat. Ass'n*, 780 F.3d 296, 300–01 (5th Cir. 2015) (deeming an argument abandoned on appeal even though appellant tangentially referred to the issue below because it was raised in a different context); *see also Anderson*, 953 F.3d at 314 (explaining Rule 12(b)(6) dismissal is "appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense").

No. 23-30061

## IV.  Conclusion

For the reasons set forth above, we AFFIRM the district court's grant of Medtronic's motion to dismiss pursuant to Rule 12(b)(6) and denial of Reddick's request for leave to file an amended complaint.