# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2026

Lyle W. Cayce
Clerk

———————

No. 25-50364

———————

DMT MACTRUONG, *also known as* DOCTOR MAC TRUONG,

*Plaintiff—Appellant*,

*versus*

GREG ABBOTT; DAN PATRICK; DADE PHELAN;
DONALD J. TRUMP,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1099

———————————————————

Before SMITH, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Dmt MacTruong seeks to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his civil action. In his appellate brief, he renews the substantive claims that he raised in his complaint, challenges the district court's alleged copyright and standing determinations, and contends that the order failed to make true findings of fact or reasonable conclusions of law. He does not specifically challenge the basis for the dismissal of his claims, *i.e.*,

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that the claims were duplicative and already unsuccessfully raised against these and other defendants. Accordingly, he has abandoned any challenge to the basis for the decision. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, he has failed to demonstrate that there is a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In light of the foregoing, MacTruong's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Additionally, because MacTruong has not heeded a previous sanction warning against filings containing abusive, disparaging, or contemptuous language, a sanction of $250 is IMPOSED against MacTruong, payable to the Clerk of this court. *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020). Until the sanction is paid in full, MacTruong is BARRED from filing any *pro se* civil appeal in this court or any *pro se* initial civil pleading in any court that is subject to this court's jurisdiction, without advance written permission of a judge of the court in which he seeks to file. MacTruong is WARNED that any future frivolous, repetitive, or otherwise abusive filings may result in further sanctions.